# Exhibit A

**Mishkin, Maxwell S.**

**From:** Mishkin, Maxwell S.
**Sent:** Monday, August 31, 2026 10:29 AM
**To:** 'Alejandro Brito'; Ian Corp; Jalaine Garcia; Michael O. Mena
**Cc:** Tobin, Charles D.; Dudding, Sasha; Chen, Yanni
**Subject:** RE: Mr. Pat Cipollone

Alex,

As the Court has made clear, the BBC "is entitled to discover Plaintiff's intention behind the [White House Ellipse] speech and anything that bears on the impression his audience could have reasonably obtained in listening to the speech." ECF 120 at 11. That includes "whether that impression was given or received; if that impression was given or received, whether President Trump gave it intentionally or otherwise; the breadth of the audience of the message and impression; and the extent of any resulting injury or harm." *Id.* at 9.

Mr. Cipollone has personal knowledge on these exact issues. For example, Mr. Cipollone was in the White House on January 6, 2021, and he has testified that when he learned of the violence that ensued at the Capitol after Plaintiff's speech, he and Mark Meadows "went down to the Oval Office, [they] went through the Oval Office, and [they] went to the back where the President was," at which point Mr. Cipollone "was pretty clear there needed to be an immediate and forceful response, statement, public statement, that people need to leave the Capitol now." Cipollone H. Select Comm. Tr. at 149:12-150:4. Because that communication, among others that day, is probative of the impression that the audience obtained and Plaintiff's intentions, the BBC is entitled to obtain Mr. Cipollone's sworn testimony.

Your assertion that Mr. Cipollone's testimony is privileged does not change that conclusion. For one, we understand that Plaintiff previously asserted executive privilege to prevent Mr. Cipollone and others from testifying in connection with Special Counsel Jack Smith's investigation, and "[t]he courts uniformly rejected Mr. Trump's privilege assertions." *See Final Report on the Special Counsel's Investigation and Prosecutions: Volume I: The Election Case: Report on Efforts to Interfere with the Lawful Transfer of Power Following the 2020 Presidential Election or the Certification of the Electoral College Vote Held on January 6, 2021* (Jan. 7, 2025), https://www.justice.gov/storage/Report-of-Special-Counsel-Smith-Volume-1-January-2025.pdf (the "Smith Report") at 6. For another, executive privilege "may give way in the face of other strong constitutional values," including "the fundamental demands of due process of law." *See Trump v. Thompson*, 20 F.4th 10, 26 (D.C. Cir. 2021) (cleaned up). Due process prevents the sitting President from filing a defamation lawsuit against a news organization and then asserting executive privilege to block that defendant from obtaining relevant evidence to contest his claims.

For the foregoing reasons, the BBC will not be withdrawing its subpoena to Mr. Cipollone, and your threat to seek sanctions is meritless. Please note, however, that because Mr. Cipollone is unavailable on September 15, 2026, the BBC and Mr. Cipollone have agreed to reschedule his deposition to September 17, 2026, still to be held at our firm's office in Washington, DC. You are of course welcome to attend in person, or we can set up a Zoom link for you to participate remotely if you prefer, and we will amend our notice accordingly.

Thanks,
Max

**Maxwell S. Mishkin**
He/Him/His

**O** 202.508.1140 | VCARD
mishkinm@ballardspahr.com
Washington, DC

**www.ballardspahr.com | LinkedIn**

---

**From:** Alejandro Brito <abrito@britopllc.com>
**Sent:** Friday, August 28, 2026 12:30 PM
**To:** Tobin, Charles D. <TobinC@ballardspahr.com>; Mishkin, Maxwell S. <MishkinM@ballardspahr.com>
**Cc:** Ian Corp <icorp@britopllc.com>; Jalaine Garcia <JGarcia@britopllc.com>; Michael O. Mena <mmena@britopllc.com>
**Subject:** Mr. Pat Cipollone

⚠ **EXTERNAL**

Counsel:

Please allow this email to serve as a good faith effort to resolve a discovery issue relating to the subpoena served on Mr. Pat Cipollone.

As you know, Mr. Cipollone previously served as White House Counsel under President Donald J. Trump. You have, nevertheless, served him with a subpoena seeking testimony from him in this action. His testimony is privileged, and plainly irrelevant. You have been advised by his counsel, Michael Purpura, that Mr. Cipollone will not be providing testimony that would violate any privileges. Nevertheless, we understand that you intend to proceed with his deposition. Proceeding with the deposition in light of Mr. Purpura's statements to you, and also in light of the Magistrate Judge's Order in this case, is improper. There is no non-privileged testimony that can be obtained from Mr. Cipollone that is relevant to this matter, as framed by the pleadings.

This is now the second witness whom you have sought to depose whose testimony is subject to protection from the Court. As you know, you previously canceled the deposition of Cassidy Hutchinson after her lawyers advised that they intended to file a motion to quash the subpoena you served on her.

Please advise if you will agree to withdraw the subpoena that you served on Mr. Cipollone. Absent such an agreement, we will be left with no alternative but to bring this matter to the Court's attention, and will seek sanctions, including an award of attorney's fees, as a result of your actions. Please get back to us promptly.

Thank you.

Alejandro Brito

2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
305.614.4071 (office)
305.772.7474 (cell)
www.britopllc.com

[INFO] -- Content Manager:
This message contains information which may be confidential and/or privileged. Unless you are the intended addressee (or authorized to receive this message for the addressee), you may not use, copy, or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail (send to abrito@britopllc.com), and delete the message. Thank you very much.