# Exhibit A

**U.S. Department of Justice**

*Civil Division*
*Federal Programs Branch*

*Jacob S. Siler*
*Trial Attorney*
*Jacob.S.Siler@usdoj.gov*

*1100 L St., N.W.*
*Washington, DC 20005*

*PHONE: 202-353-4556*
*FAX: 202-616-8470*

September 1, 2026

**Via Email**

Charles D. Tobin
Ballard Spahr LLP
1909 K Street NW
12th Floor
Washington, DC 20006
Email: TobinC@ballardspahr.com

*Re:* *President Donald J. Trump v. British Broadcasting Corp.*, 1:25-cv-25894 (S.D. Fla.)

Counsel,

I represent the United States of America in connection with certain third-party subpoenas issued to federal agencies and current or former government officials. We have been informed by counsel for Pat Cipollone, former White House Counsel, that Mr. Cipollone has received a subpoena for deposition testimony in the above-referenced matter.

Defendant's attempt to depose Mr. Cipollone is impermissible for several reasons. Initially, the deposition subpoena is premature. Based on the timing that the subpoena issued, it appears not to have been informed by the meet and confer obligation the Court imposed on the parties. ECF No. 120 at 12-14; *see* ECF No. 131 at 7-8 (explaining that the parties had not yet "met and conferred on the scope that the Court laid out, tailored the subpoenas to that scope, or reached the impasse that the Order made the precondition to further motion practice"). Nor does it appear that your issuance of a broad, unlimited subpoena for testimony is appropriately tailored to the limited and narrowed allegations of the First Amended Complaint. Any deposition is at best premature until the parties—or if necessary the Court—resolve remaining disputes concerning the proper scope of discovery in this action. Forging ahead with a deposition before the parties or the Court resolve these disputes is inconsistent with Defendant's obligation to "take reasonable steps to avoid imposing undue burden or expense" on third parties. Fed. R. Civ. P. 45(d)(1); *see Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1337 (11th Cir. 2020) (noting that burdens on non-parties weigh against disclosure).

The deposition subpoena is also substantively improper. Compelling the testimony of high-ranking government officials is justified only in "extraordinary circumstances." *In re United States* (Kessler), 985 F.2d 510, 513 (11th Cir. 1993) (citing *Simplex Time Recorder Co. v. Secretary of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985)). That is because "the compelled appearance of a high-ranking officer of the executive branch in a judicial proceeding implicates the separation of powers," *In re United States (Jackson)*, 624 F.3d 1368, 1372 (11th Cir. 2010),

and "[t]he duties of high-ranking executive officers should not be interrupted by judicial demands for information that could be obtained elsewhere," *In re Cheney*, 544 F.3d 311, 314 (D.C. Cir. 2008) (per curiam). Thus, "a district court should rarely, if ever, compel the attendance of a high-ranking official in a judicial proceeding." *Jackson*, 624 F.3d at 1376. These principles have no less force where a party to litigation seeks deposition testimony of former government officials. *See* Order, *In re Murthy*, No. 22-30697 (5th Cir. Jan. 5, 2023); *In re U.S. Dep't of Educ.*, 25 F.4th 692, 705 (9th Cir. 2022) *United States v. Newman*, 531 F. Supp. 3d 181, 190-91 (D.D.C. 2021) (former Deputy Counsel and Deputy Assistant to the President).

Mr. Cipollone's testimony is not relevant and proportional to the needs of this case, let alone does it meet the higher standard of essentiality required to depose current or former high-ranking government personnel concerning their official duties. The magistrate judge has explained that Defendant is not entitled "to relitigate and discover every aspect of the events of January 6, 2021 and seek discovery from any and all individuals who may have knowledge regarding the days events." ECF No. 120 at 11. Similarly, as the government pointed out in its Statement of Interest, ECF No. 96, many alternative sources of information exist in the public domain. *Id.* at 9-10. For example, Mr. Cipollone's recorded statements before the Select House Committee provide a ready alternative for Defendant to obtain non-privileged information it seeks to obtain through deposition. A transcript of that account is publicly available at https://www.govinfo.gov/content/pkg/GPO-J6-TRANSCRIPT-CTRL0000928885/pdf/GPO-J6-TRANSCRIPT-CTRL0000928885.pdf. Defendant simply cannot establish the extraordinary circumstances necessary to proceed with this deposition.

It is clear from your most recent filings, moreover, that you continue to seek discovery from former White House officials about their confidential advice to and communications with a sitting President or other non-public government information. *See, e.g.*, ECF No. 127 at 2-3. That information is plainly covered by multiple privileges, including Executive Privilege and, due to Mr. Cipollone's service as White House Counsel, Attorney-Client Privilege. Given Mr. Cipollone's public and readily available statements to Congress, your proposed deposition of Mr. Cipollone could only seek information covered by those privileges.

For the foregoing reasons, Mr. Cipollone is not authorized to provide the requested testimony and the government reserves all of its rights to prevent the disclosure of privileged material. Please let me know if you would like to discuss the government's position on this matter.

Sincerely,

*/s/ Jacob S. Siler*

Jacob S. Siler

*Counsel for the United States*